# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff | CIVIL ACTION |
| v. | No. 08-2215 |
| NHS SYSTEMS, INC., | |
|   a Pennsylvania corporation, also d/b/a National Healthcare Solutions and National Health Net Online, and | |
| HARRY F. BELL, JR., | |
|   individually and as an officer or principal of NHS Systems, Inc., and | |
| PHYSICIAN HEALTH SERVICE, LLC, | |
|   a Missouri limited liability company, also d/b/a/ American Health Benefits On Line, and | |
| DONNA NEWMAN, | |
|   individually and as an officer or principal of Physician Health Service, LLC, and | |
| JOHN E. BARTHOLOMEW, | |
|   individually, and | |
| PLUS HEALTH SAVINGS, INC., | |
|   a Pennsylvania corporation | |
| PHYSICIANS HEALTH SYSTEMS, INC., a Delaware corporation, also d/b/a American Health Benefits On Line | |

HEALTH MANAGEMENT, LLC,
   a Missouri limited liability company

6676529 CANADA, INC.,
   a Canadian corporation

NICOLE BERTRAND,
   individually and as an officer or
   principal of 6676529 Canada, Inc.

BARRY KIRSTEIN,
   individually

"DANNIE BOIE"
   a person whose true identity is
   unknown, individually

PHS ENTERPRISES, INC.,
   a Nevada corporation

FIRST STEP MANAGEMENT, INC.,
   a St. Lucia company

GOLD DOT, INC.,
   a St. Lucia company

LINKE JN PAUL,
   individually and as an officer or
   principal of First Step Management, Inc.
   and Gold Dot, Inc.

TASHA JN PAUL,
   individually and as an officer or
   principal of Gold Dot, Inc.

NEVADA BUSINESS SOLUTIONS,
INC.,
   a Nevada corporation

INTERFACE MANAGEMENT, INC.,

| a Florida corporation, also d/b/a Galaxy Member Benefits |
| BEGINNING AGAIN, INC., a Florida corporation |
| Defendants |

Pollak, J.                                                                                                                                                                                                        December 10, 2009

**<u>OPINION</u>**

In this litigation, the Federal Trade Commission ("FTC") has alleged that the named defendants have conducted a huge telemarketing scheme. On September 24, 2009, this court ordered non-party Teledraft – a payment-processing company which processed funds on behalf of some of the defendants but which has not itself been named as a defendant in this matter – to turn over $264,224.03 to Wayne D. Geiser, the Receiver appointed on May 14, 2008 to oversee the corporate defendants. *See* Docket No. 109. In reaching the conclusion that Teledraft must turn over the funds at issue, the opinion accompanying the September 24 order rejected Teledraft's argument that it was entitled, prior to turning over any funds to the Receiver, to retain a portion of those funds under the doctrines of set-off and recoupment. *See FTC v. NHS Sys., Inc.* No. 08-2215, 2009 WL 3072475, at *9-*11 (E.D. Pa. Sept. 24, 2009). However, the September 24 opinion and order did allow Teledraft to pursue a contract claim against the Receiver. Specifically, the opinion and order lifted the stay of litigation previously in place in order to allow Teledraft to pursue a contract action against the Receiver in the District of

Arizona, *see* Docket No. 109, for "the funds to which Teledraft alleges it is contractually entitled," *NHS Sys.*, 2009 WL 3072475, at *11-*12.

On October 5, Teledraft filed a notice of appeal seeking relief "from the Order entered on September 24, 2009, directing it to pay $264,224.03 to the Receiver" (docket no. 110), and Teledraft now moves (docket no. 111) for a stay of the turnover order pending its appeal. The FTC opposes Teledraft's motion (docket no. 116).

Teledraft argues that it is entitled to a stay upon the posting of a supersedeas bond pursuant to Federal Rule of Civil Procedure ("Rule") 62(d). In the alternative, Teledraft contends that the provisions of Rule 62(c) allowing for a stay of injunctive relief pending appeal govern its motion, and that it is entitled to such a stay under the four-factor test applicable to stays of district court orders pending appeal that was enunciated by the Third Circuit in *Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). I will address these arguments in turn.

### I.

Rule 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." The rule "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). Teledraft is correct

that, as the Fifth Circuit noted in *Hebert*, "[t]he applicability of Rule 62(d) turns not on [the difference between declaratory and money judgments], but on whether the judgment involved is monetary or nonmonetary." *Id.* Nevertheless, Rule 62(d) is not authority on the basis of which this court may grant Teledraft's motion, because the September 24 order is not a *judgment* within the meaning of the Federal Rules of Civil Procedure.

Rule 62 "does not govern stays in proceedings other than to enforce a judgment." Wright, Miller, & Kane, 11 *Federal Practice & Procedure* § 2902, at 491 (2d ed. 1995). "'Judgment' as used in [the Federal Rules of Civil Procedure] includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). "[N]o right to a stay arises under Rule 62(d) . . . from an attempt to appeal . . . a non-appealable order." *Morgan v. Kerrigan*, 401 F. Supp. 270, 271 (D. Mass. 1975); *accord Law v. NCAA*, 134 F.3d 1025, 1030 (10th Cir. 1998) ("When there is no appeal of right there is no duty on the district court to grant a stay upon the filing of a supersedeas bond."); *R.D. Goldberg Theatre Corp. v. Tri-States Theatre Corp.*, 119 F. Supp. 521, 522 (D. Neb. 1944) ("[T]he right to supersede presumes the right to appeal, as distinguished from the possession of a meritorious appeal. And where no right to appeal exists there is no right to supersede."); *cf. Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 955 (8th Cir. 1979) (holding that Rule 62(a) does not apply where "no appeal lies from the district court's order").

The Third Circuit has ruled that an "order requiring the delivery of certain deposits to [a] receiver is neither final nor within any category of appealable orders." *United*

3

*States v. Chelsea Towers*, 404 F.2d 329, 330 (3d Cir. 1968).[1] This determination is in accord with the holdings of three other circuits. *See, e.g.*, *FTC v. Overseas Unlimited Agency, Inc.*, 873 F.2d 1233, 1235 (9th Cir. 1989) (holding that a turnover order is not (1) a final order under 28 U.S.C. § 1291;[2] (2) an injunction under 28 U.S.C. § 1292(a)(1);[3] or (3) within the bounds of 28 U.S.C. § 1292(a)(2)[4]); *United States v. Beasley*, 558 F.2d 1200, 1201 (5th Cir. 1977); *Waylyn Corp. v. Casalduc*, 219 F.2d 888 (1st Cir. 1955). Therefore, Teledraft's notice of appeal from "the Order entered on September 24, 2009, directing it to pay $264,224.03 to the Receiver," Docket No. 110, seeks to appeal a non-appealable order. As a direct consequence, Teledraft is not entitled to a stay pursuant to

---

[1] A panel of the Third Circuit recently reaffirmed *Chelsea Towers* in an unpublished disposition, holding that an order requested by a receiver directing that money be turned over to another entity was not a "final decision[] under [28 U.S.C.] § 1291," did not trigger the "collateral order doctrine," was not within the scope of 28 U.S.C. § 1292(a)(2), and provided "no alternative basis for [appellate] jurisdiction." *Gov't of V.I. v. Lansdale*, 307 Fed. Appx. 688, 691-93 (3d Cir. 2009).

[2] 28 U.S.C. § 1291 provides in pertinent part that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

[3] Pursuant to 28 U.S.C. § 1292(a)(1), courts of appeals have jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

[4] 28 U.S.C. § 1292(a)(2) grants courts of appeals jurisdiction over appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property."

4

Rule 62(d).[5]

---

[5]　　There are three potential exceptions to the rule that turnover orders are not appealable. These are cases in which (1) a turnover order is "included in" an order that is otherwise appealable under 28 U.S.C. § 1292(a)(2), *see* n.4, *supra*; *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 841-42 (9th Cir. 2009), or (2) an order to turn over funds represents a final determination on the merits, *see CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999), or (3) the party turning over funds would suffer irreparable harm if it were forced to await a final decision on the merits, *see, e.g.*, *Plata v. Schwarzenegger*, No. 01-1351, 2008 WL 4847080, at *3 (N.D. Cal. Nov. 7, 2008) (discussing *Forgay v. Conrad*, 47 U.S. 201 (1848)).

None of these exceptions applies to Teledraft's appeal:

First, neither a turnover order, *see, e.g.*, *Overseas Unlimited*, 873 F.2d at 1235, nor any other element of the September 24 order, is appealable under 28 U.S.C. § 1292(a)(2).

Second, the September 24 opinion granting the FTC's turnover request "does not resolve Teledraft's contractual claims against the Receivership entities; it merely allocates possession of [the] funds so that they cannot be dissipated by Teledraft." *NHS Sys., Inc.*, 2009 WL 3072475, at *8. In fact, as discussed above, the opinion expressly lifts the stay of litigation to permit Teledraft to "initiate a contract claim against the Receivership for the funds to which Teledraft alleges it is contractually entitled." *Id.* at *12. Like most turnover orders, then, the September 24 order does not represent a final determination of claims to the funds on the merits.

Finally, Teledraft has not shown that it would be subject to irreparable harm if it is required to turn over the funds. Teledraft argues, without elaboration, that "[b]ecause of the nature of the questions that will be raised [in its contract litigation against the Receivership] and in the appellate challenge to this Court's refusal to allow set-off or recoupment . . . Teledraft will forever lose its chance to raise the questions at the moment it releases the funds." T. Mem. at 3-4. There is, of course, a substantial likelihood that Teledraft's challenge to this court's denial of its set-off and recoupment claims would be mooted once Teledraft turns over the funds to the Receiver. As a general matter, set-off and recoupment claims only "permit[] a defendant to assert a defensive claim . . . to reduce the amount of the damages recoverable by the plaintiff," and once in possession of the funds, the Receiver would, presumably, have no ongoing grievance against Teledraft. *United States v. Am. Color & Chem. Corp.*, 858 F. Supp. 445, 450 (M.D. Pa. 1994) (discussing recoupment); *see also, e.g.*, *Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 253 (3d Cir. 2000) (describing setoff and recoupment as "affirmative defenses"). But the potential mootness of those claims, while perhaps having some bearing on the appropriateness of a stay, would not itself require the conclusion that Teledraft would suffer irreparable harm. *See Republic of the Philippines v. Westinghouse*

## II.

In Section I of this opinion, Teledraft's contention that Rule 62(d) entitles it, upon

---

*Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) ("Certainly the fact that the decision on the stay may be dispositive of the appeal in some cases is a factor that an appellate court must consider, but that alone does not justify pretermitting an examination of the nature of the irreparable injury alleged and the particular harm that will befall the appellant should the stay not be granted."). Here, even assuming *arguendo* that the September 24 order is appealable, Teledraft has not demonstrated – or even argued – that the potential value of its Arizona contract claim against the Receivership is anything other than identical to the potential value of its set-off and recoupment claims. Accordingly, unless Teledraft is correct that it "will forever lose" the opportunity to press its Arizona contract claim absent a stay, there is no basis for concluding that the loss of its set-off and recoupment claims will cause Teledraft irreparable harm.

Teledraft, however, does no more than assert the bare conclusion that the Arizona action would be rendered meaningless if its motion for a stay is not granted. Without more, this unadorned claim is insufficient to demonstrate, as is necessary, "some definite, irreversible harm" as opposed to a mere "risk or suspicion of injury." *SEC v. Graystone Nash, Inc.*, No. 91-4327, 1993 WL 580763, at *2 (D.N.J. July 23, 1993); *see also, e.g.*, *Virgin Islands Tree Boa v. Witt*, 918 F. Supp. 879, 904 (D.V.I. 1996) (holding, in the context of an application for a preliminary injunction, that a party "must do more than merely allege in conclusory terms that they will suffer irreparable injury should they not receive the requested . . . relief"). I recognize that the FTC has advanced the Receiver's need for funds to perform his tasks as a reason not to grant the stay – and that, as a result, there may well be some risk that Teledraft would be unable to recover the entirety of whatever sum, if any, its contract claim turns out to be worth. But the mere possibility that a portion of the funds would no longer be available to satisfy Teledraft's contract claim (should it turn out to be a valid claim), also fails to demonstrate the requisite existence of a real and imminent injury. *See DCNC N. Car. I, LLC v. Wachovia Bank, N.A.*, Nos. 09-3775, 09-3776, 2009 WL 3209728, at *8 (E.D. Pa. Oct. 5, 2009) ("An irreparable injury is one that is not remote or speculative, but actual and imminent . . . .") (internal quotation marks omitted)*; Sentry Select Ins. Co. v. LBL Skysys. (USA), Inc.*, No., 2007 WL 1854801, at *4 (E.D. Pa. June 26, 2007) (holding that the "concern" that the other party "might become insolvent or otherwise unable to return funds" was "too speculative to constitute irreparable harm"). Accordingly, Teledraft has not demonstrated that it will suffer irreparable harm if the September 24 order is not stayed pending Teledraft's appeal.

the posting of a supersedeas bond, to a stay of this court's September 24 order has been found without merit. In the alternative, Teledraft grounds its motion for a stay on Rule 62(c). This section of the opinion addresses this alternative contention.

Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Teledraft is not eligible to receive a stay pursuant to Rule 62(c), however, because the September 24 order is not injunctive in nature.

In the context of considering whether or not a turnover order is subject to appeal under the provisions of 28 U.S.C. § 1292(a)(1), which grants courts of appeals appellate jurisdiction over "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions," the Ninth Circuit has held that "[a]n order requiring a party to pay money to a receiver made pursuant to a previously unappealed order appointing the receiver 'does not constitute an injunction within the meaning of 28 U.S.C. § 1292(a)(1).'" *Plata v. Schwarzenegger*, 560 F.3d 976, 982 (9th Cir. 2009) (quoting *Overseas Unlimited*, 874 F.2d at 1235) (internal quotation marks omitted); *accord, e.g.*, *Trustees of Pension, Welfare, & Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.*, 223 F.3d 459, 465 (7th Cir. 2000) (holding that a turnover order is not "injunctive in nature" unless the "order . . . effectively decides the merits, and has an irreparable effect on the merits"). Although the ruling of the Ninth Circuit in *Plata*

7

was announced in a determination of the scope of that court's appellate jurisdiction, there appears to be no reason to reach a different result in construing the scope of Rule 62(c), which applies to "interlocutory order[s] or final judgment[s] that grant[], dissolve[], or den[y] an injunction." The only respect in which Rule 62(c) substantively departs from the language of Section 1292(a)(1) is that the former deals not only with "interlocutory order[s]" respecting injunctions but also with "final judgment[s]" respecting injunctions. However, as explained above, the September 24 order is not a judgment, let alone a final judgment. Therefore, the September 24 order does not grant, dissolve, or deny an injunction within the meaning of Rule 62(c), and, accordingly, Rule 62(c) is of no help to Teledraft.

### III.

Although I have held, in Sections I and II of this opinion, that neither Rule 62(d) nor Rule 62(c) provides a basis upon which Teledraft may receive a stay pending appeal, my declination to grant a stay under Rule 62(d) rests upon the conclusion that the September 24 order is not an appealable judgment. If that conclusion is incorrect, this court might well be obligated to issue a stay upon the posting of a supersedeas bond by Teledraft. Needless to say, defining the scope of the appellate jurisdiction of the Third Circuit is a task more appropriately performed by that court than by this court. And, since Teledraft is undertaking to appeal this court's September 24 order, it seems to me sensible that this court undertake to facilitate, rather than impede, the Third Circuit's

8

determination whether the turnover order is appealable. Accordingly, a temporary stay of the portion of the September 24 order requiring Teledraft to turn over $264,224.03 to the Receiver is appropriate to provide Teledraft the opportunity to move the Third Circuit for a stay pending that court's determination of whether it has jurisdiction to review the challenged turnover order. *See, e.g.*, *Cohen v. United States*, No. 03-cv-3234, 2004 WL 792373, at *3 (E.D. Pa. Apr. 9, 2004) (holding that the aggrieved parties "ha[d] not shown that a stay pending appeal is warranted," but granting a temporary stay "so that they [could] seek a stay from the Court of Appeals"). I am, however, aware that the Receiver has already waited over sixteen months for a resolution of its turnover request, and the delay has very likely been a not-insignificant obstacle to the Receiver's expeditious fulfillment of his responsibilities. Therefore the temporary stay will be a brief one. The temporary stay will, unless extended or renewed by the Court of Appeals, expire thirty (30) days after entry of the order accompanying this opinion.[6]

## CONCLUSION

It is the ruling of this court that the September 24 turnover order is not an appealable judgment or injunctive in nature, and hence that Teledraft is not entitled to a stay pending appeal. But in order to allow Teledraft to seek from the Court of Appeals a determination of (1) whether – contrary to this court's ruling – the turnover order is

---

[6] Pursuant to the terms of Section II of the *ex parte* Temporary Restraining Order entered on May 16, 2008 (docket no. 6), Teledraft is not to dissipate the funds at issue during the pendency of this stay.

appealable, and (2) if the turnover order is appealable, whether Teledraft is entitled to a stay pending a decision by the Court of Appeals on the merits of that appeal, this court will stay the turnover order for thirty days. An appropriate order accompanies this opinion.