# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff<br><br>v.<br><br>NHS SYSTEMS, INC.,<br><br>  a Pennsylvania corporation, also d/b/a National Healthcare Solutions and National Health Net Online, and<br><br>HARRY F. BELL, JR.,<br><br>  individually and as an officer or principal of NHS Systems, Inc., and<br><br>PHYSICIAN HEALTH SERVICE, LLC,<br><br>  a Missouri limited liability company, also d/b/a/ American Health Benefits On Line, and<br><br>DONNA NEWMAN,<br><br>  individually and as an officer or principal of Physician Health Service, LLC, and<br><br>JOHN E. BARTHOLOMEW,<br><br>  individually, and<br><br>PLUS HEALTH SAVINGS, INC.,<br><br>  a Pennsylvania corporation<br><br>PHYSICIANS HEALTH SYSTEMS, INC., a Delaware corporation, also d/b/a American Health Benefits On Line | CIVIL ACTION<br><br>No. 08-2215<br><br><br>FILED<br><br>MAY 13 2011<br><br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

HEALTH MANAGEMENT, LLC,
   a Missouri limited liability company

6676529 CANADA, INC.,
   a Canadian corporation

NICOLE BERTRAND,
   individually and as an officer or
   principal of 6676529 Canada, Inc.

BARRY KIRSTEIN,
   individually

"DANNIE BOIE"
   a person whose true identity is
   unknown, individually

PHS ENTERPRISES, INC.,
   a Nevada corporation

FIRST STEP MANAGEMENT, INC.,
   a St. Lucia company

GOLD DOT, INC.,
   a St. Lucia company

LINKE JN PAUL,
   individually and as an officer or
   principal of First Step Management, Inc.
   and Gold Dot, Inc.

TASHA JN PAUL,
   individually and as an officer or
   principal of Gold Dot, Inc.

NEVADA BUSINESS SOLUTIONS,
INC.,
   a Nevada corporation

INTERFACE MANAGEMENT, INC.,

> a Florida corporation, also d/b/a Galaxy Member Benefits
>
> BEGINNING AGAIN, INC.,
>   a Florida corporation
>
> Defendants

## ORDER

**AND NOW**, this 12 day of May, 2011, **IT IS ORDERED** as follows:

1. For the reasons discussed in the accompanying opinion, the court finds that Teledraft is in contempt of this court's September 24, 2009 order ("the Turnover Order");

2. Teledraft is ordered to immediately come into compliance with the Turnover Order;

3. Teledraft shall, within seven days after the entry of this order, transfer to the Receiver at least $57,328.89;

4. Teledraft shall, within fourteen days after the entry of this order, transfer to the Receiver $264,224.03, less any sums previously transferred in compliance with Paragraphs 2 and 3 above;

5. Teledraft shall pay compensatory sanctions to the Receiver—in an amount to be determined by the Honorable M. Faith Angell, United States Magistrate Judge—for any and all losses arising from Teledraft's disobedience;

6. This matter is referred, solely for the purposes described in Paragraph 5 and in accordance with Local Rule 72.1, to the Honorable M. Faith Angell;

7. This court retains jurisdiction of this matter for all other purposes.

BY THE COURT:

_____
Pollak, J.