# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION,

          Plaintiff,

  v.

NHS SYSTEMS, INC., et al.,

          Defendants.

CIVIL ACTION

No. 08-2215

## MEMORANDUM

On May 12, 2011, this court found non-party Teledraft to be in contempt of a prior order of this court.  Dkt. 154.  The contempt order directed Teledraft to, *inter alia*, (1) transfer to the Receiver at least $57,328.89 within seven days of the entry of the contempt order, and (2) transfer to the Receiver $264,224.03, less any sums previously transferred, within fourteen days of the entry of the contempt order.  The contempt order also directed Teledraft to pay compensatory sanctions to the Receiver, in an amount to be determined by the Honorable M. Faith Angell, United States Magistrate Judge.  Teledraft has since transferred $57,328.89 to the Receiver as described above, and Judge Angell has set a briefing schedule regarding the amount of compensatory sanctions owed to the Receiver.  Teledraft filed a notice of appeal of the contempt order on May 19, 2011.  Dkt. 155.

Teledraft has now filed a Motion to Stay Pending Appeal, dkt. 156, which is currently before the court.  In that motion, Teledraft requests an order "(a) granting an immediate but temporary stay pending determination of the final bond amount; and (b)

directing the magistrate to act as expeditiously as is practicable to ascertain the amount of [compensatory sanctions]—at which point Teledraft will post a bond in the amount of 120 percent of the sum of the turnover order and the [compensatory sanctions]." Dkt. 156 at 3.[1]  In response, the FTC has opposed a stay pending appeal, contending that such a stay would not be available until the question of compensatory sanctions is resolved. Nevertheless, the FTC has stated that it "does not oppose this Court's entry of a limited-duration stay pending determination of the amount of the compensatory sanctions."  Dkt. 161 at 2.

In light of the foregoing, it is apparent that the parties are in agreement.  Although Teledraft's motion is styled as a "Motion to Stay Pending Appeal," Teledraft appears to have only requested a stay pending determination of the amount of compensatory sanctions—a request that the FTC does not oppose.  Accordingly, the accompanying order will (1) deny, without prejudice, Teledraft's Motion to Stay Pending Appeal; and (2) stay the contempt order until Judge Angell has made a final determination as to the amount of compensatory sanctions.

---

[1] In prior filings, the FTC stated that it would not oppose a stay of the contempt order, pending appeal, provided that Teledraft post a bond in the amount of $264,224.03, less any amounts previously paid and plus the amount of compensatory sanctions, if any.