UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>               Plaintiff,<br><br>v.<br><br>NHS SYSTEMS, INC., et al.,<br><br>               Defendants. | CIVIL ACTION<br><br>No. 08-2215 |

**MEMORANDUM & ORDER**

**I.**

On May 12, 2011, this court requested Magistrate Judge M. Faith Angell to determine the compensatory damages owed by Teledraft in consequence of its contempt of this court's turnover order of September 29, 2009 (for the judgment of contempt see Docket No. 154). On July 7, 2011, Judge Angell filed an order finding the compensatory damages owed to be $42,529.50 plus legal fees and expenses in the amount of $13,652.05. (Docket No. 171.) On July 25, 2011, there was filed a pleading entitled "Joint Stipulation Among Teledraft, the Receiver, and the FTC To Rely on Current Briefing To Support Objections." (Docket No. 178.) The Stipulation states that the Stipulators disagree with Judge Angell's finding. But, with becoming modesty, the Stipulators refrain from stating what they, respectively, regard as the correct amount of compensatory damages. It would, however, seem a reasonable inference that the Receiver and the FTC believe that Judge Angell's finding understates the compensatory damages owed by Teledraft, whereas Teledraft believes that the figure found by Judge

Angell is an overstatement. The Stipulators look to this court to revise the figure found by Judge Angell. To accomplish this, the Stipulators propose that this court "decide the objections . . . on the existing record," namely, "the same authorities that were raised in the briefing and argument leading up to the contempt order and to the submissions and argument made in connection with the determination of the award amount." (Docket No. 178 at 3.) But in proposing that this court troll through the proceedings in Judge Angell's court, the Stipulators appear to be contemplating a form of district court review of a magistrate's order which is unconventional.

The conventional practice is set forth in Federal Rule of Civil Procedure 72. Rule 72 prescribes two procedures for review of a Magistrate Judge's order, one for nondispositive matters, and another for dispositive motions. Fed. R. Civ. P. 72(a), (b). Nondispositive matters are defined by rule to be any matter "not dispositive of a party's claim or defense," and this understanding is confirmed by reference to the governing statute, 28 U.S.C. § 636(b)(1)(A), which lists the eight forms of dispositive motions. The *amount* of a contempt sanction does not affect a party's claim or defense, is not listed among § 636(b)(1)(A)'s eight forms, and thus, Rule 72(a) applies.

The Rule contemplates that the district court's review inquire into whether a "part of the [magistrate judge's] order" that has been "timely objected to . . . is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This requires specific objections directed at particular defects in the order—a generalized "I object" does not suffice. *See*

*United States v. Polishan*, 336 F.3d 234, 240 n.3 (3d Cir. 2003) ("[A] non-dispositive decision made by a magistrate judge under 28 U.S.C. § 636(b)(1)(A) . . . need not be reviewed by the district court unless objections to the order are raised."); *Jackson v. Rohm & Haas Co.*, 2008 WL 123921, *2 n.1 (E.D. Pa. Jan. 10, 2008) ("[P]laintiff purports to incorporate by reference all other arguments made before [the Magistrate]. This is impermissible."); *Gardendance, Inc. v. Woodstock Cooperworks, Ltd.*, 230 F.R.D. 438, 447 (M.D.N.C. 2005) ("Objections must be in writing and must be specific." (citing *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003))). Here, the Stipulators have not explained, with specific objections, why Judge Angell's order was clearly erroneous or contrary to law. Incorporating the entirety of the prior briefing will not suffice. Accordingly, each of the Stipulators is authorized to file an objection that conforms to the Rule within fourteen (14) days of the date of this Memorandum.

## II.

The court notes that the contempt sanction, even if granted to the full extent of what the court understands to be the Receiver's request—$121,724.23 (see page 1 of the Letter of June 22, 2011, from Alfred W. Putnam, Esq., to Judge Angell)—is but a modest sum compared to the $6,879,162.22 requested in the FTC's Motion for Summary Judgment. (*See* Docket No. 136.) The Receiver, the FTC, and Teledraft are directed to confer forthwith, with a view to arriving at a settlement of the contempt damages dispute.

\* \* \* \*

**AND NOW**, this 18th day of August, 2011, it is hereby **ORDERED** that:

(1)      Teledraft, the Receiver, and the FTC may each file renewed and particularized objections no later than fourteen (14) days from the date of this order; and

(2)      The stay issued by this court on June 17, 2011 (Docket No. 167), is extended until (a) 14 days from the date of this order, if no renewed objections are filed; or (b) if renewed objections are filed, until this court issues an order sustaining or overruling those objections.

                                    BY THE COURT:

                                    /s/ Louis H. Pollak
                                    Pollak, J.